# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 13-725V
Filed: December 19, 2014
Not for Publication

```
*************************************
ANNETTE PACKEY,                      *
                                     *
             Petitioner,             *    Damages decision based on stipulation;
                                     *    influenza (flu) vaccine; acute inflammatory
v.                                   *    neurological injury
                                     *
SECRETARY OF HEALTH                  *
AND HUMAN SERVICES,                  *
                                     *
             Respondent.             *
                                     *
*************************************
```

Danielle A. Strait, Washington, DC, for petitioner.
Lindsay Corliss, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING DAMAGES[1]

On December 19, 2014, the parties filed the attached stipulation in which they agreed to settle this case and described the settlement terms. Petitioner alleges that she suffered an acute inflammatory neurological injury that was caused by her October 23, 2012 receipt of influenza ("flu") vaccine. Respondent denies that the flu vaccine caused petitioner to suffer an acute inflammatory neurological injury or any other injury, and denies that the flu vaccine caused her current condition. Nonetheless, the parties agreed to resolve this matter informally.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to delete such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall delete such material from public access.

The undersigned finds the terms of the stipulation to be reasonable. The court hereby adopts the parties' said stipulation, attached hereto, and awards compensation in the amount and on the terms set forth therein. Pursuant to the stipulation, the court awards:

a. an amount sufficient to purchase the annuity contract described in paragraph 10 of the attached stipulation. This amount shall be paid to the life insurance company from which the annuity will be purchased; and

b. a lump sum of **$650,000.00**, representing compensation for all remaining damages that would be available under 42 U.S.C. § 300aa-15(a). The award shall be in the form of a check for **$650,000.00** made payable to petitioner.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: December 19, 2014                                             s/ Laura D. Millman
                                                                                              Laura D. Millman
                                                                                              Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| ANNETTE PACKEY,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES<br><br>      Respondent. | No. 13-725V<br>Special Master Millman<br>ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Annette Packey, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received a flu vaccine on October 23, 2012.

3. The vaccination was administered within the United States.

4. Petitioner alleges that she suffered an acute inflammatory neurological injury as a result of receiving the Flu vaccine.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition.

6. Respondent denies that the flu vaccine caused petitioner to suffer an acute inflammatory neurological injury or any other injury or her current condition.

1

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

    a. A lump sum of $650,000.00, in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a), except as set forth in paragraph 8.b.; and

    b. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a.    A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

    b.    Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

    c.    Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

    d.    Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of petitioner, Annette Packey, pursuant to which the Life Insurance Company will agree to make payments periodically to Annette Packey for all remaining damages that would be available under 42 U.S.C. §300aa-15(a), as follows:

Beginning as soon as practicable after the date of judgment, $1,164.26 per month for life only.

The payments provided for in this paragraph 10 shall be made as set forth above. Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Annette Packey, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Annette Packey's death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies,

Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation either immediately or as part of the annuity contract, will be used solely for petitioner's benefit as contemplated by a strict construction of 42 U.S.C. §§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

16. In return for the payments described in paragraphs 8 and 12, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on October 23, 2012, as alleged by petitioner in a petition for vaccine compensation filed on or about September 24, 2013, in the United States Court of Federal Claims as petition No. 13-725V.

17. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

18. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused petitioner's acute inflammatory neurological injury or any other injury or her current condition.

22. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

Respectfully submitted,

**PETITIONER:**

*/s/ Annette Packey*
ANNETTE PACKEY

**ATTORNEY OF RECORD FOR PETITIONER:**

*/s/ Danielle A. Strait*
DANIELLE A. STRAIT, ESQ.
MAGLIO CHRISTOPHER & TOALE, PA
1455 Pennsylvania Avenue, NW, Suite 400,
Washington, DC 20004
(888) 952-5242

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

A. MELISSA HOUSTON M.D., M.P.H., FAAP
Director, Division of Injury Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

Dated: 12/19/2014

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*/s/ Vincent J. Matanoski*
VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**ATTORNEY OF RECORD FOR RESPONDENT:**

*/s/ Lindsay Corliss*
LINDSAY M. CORLISS
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-9197